MARY PETRUCELLI *vs.* LOUIS GINSBERG *et al.*

JUNE 25, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is an action of replevin wherein a justice of the superior court, after the plaintiff's default on the day of trial, rendered a decision for the defendant for return and restoration of the automobile in question and $150 for damages and costs. The case is before us upon the plaintiff's exception to such decision.

The plaintiff began her action by a writ of replevin against "Louis Ginsberg, doing business as the City Line Motor Sales and the Greater Finance Company, hereinafter called the defendants". The return on the writ shows that the automobile, which was the subject of the replevin, was taken

by the serving officer from the possession of "Louis Ginsberg, one of the within named defendants" and turned over to the plaintiff; and that "the within named defendants" were summoned "by leaving an attested copy of the within writ with the said defendants in their hands and possession".

The writ was duly entered in the district court, where it was answered by these defendants, that being equivalent to the general issue. In addition a joint special plea was filed by "Louis Ginsberg d/b/a City Line Motor Sales and Samuel M. White d/b/a Greater Finance Company" which, in substance, alleged that both the title and right to immediate possession of the automobile was in the above last-named defendant and not in the plaintiff.

The plaintiff, after several continuances, was defaulted in the district court and a "decision for defendant for his costs" was entered therein. The plaintiff duly took an appeal from that decision to the superior court. There she again failed to prosecute her action upon the day appointed by the court for a jury trial, which she had claimed, and accordingly she was called and defaulted. Thereupon, in the presence of plaintiff's attorney and without objection, evidence was introduced for the purpose of assessing damages, whereupon the trial justice rendered "decision for the defendant for return and restoration of the car and $150 for damages and costs."

The plaintiff at no time made any objection to any pleadings or parties in the case, and took no steps to remove the default or to indicate that she had any *prima facie* meritorious claim to the possession of the automobile. She never sought a trial of the merits on the grounds of accident or mistake, but has prosecuted her bill of exceptions to this court solely from the decision of the trial justice assessing damages as above set forth.

Under her exception, the plaintiff seeks to argue certain questions pertaining to the pleadings, parties, and the mer-

its, which she had ample opportunity to raise in the trial court but which she failed, apparently deliberately, to do. In the circumstances, we think that we should apply to the plaintiff in default the same principles of waiver which were applied to a defendant in default with reference to certain possible irregularities and defects which could have been pointed out to the trial court. See *Grove* v. *Gardiner,* 30 R. I. 477; *Kimball Co.* v. *Tasca,* 26 R. I. 565. We do not consider that, upon this exception after such default, the merits of the case are before us.

The defendants urge that the question of assessment of damages in a default case is not subject to review by this court; but, assuming that such question is open to the plaintiff, we are of the opinion that there was no error. Being a defaulted answered case, the defendants were entitled not only to a decision but also to prove damages, if any, on the day appointed for trial. *Sahagian* v. *Superior Court,* 47 R. I. 85. There was some evidence presented at that time to the superior court justice as to the value of and damage to the automobile; its hard usage and depreciation, and the amount necessary to restore it to the condition it was in when replevied under the plaintiff's writ; and, by inference, the qualifications of the witness to so testify. While the evidence may not be as complete in all respects as the plaintiff now argues that it should have been, it nevertheless is uncontradicted and is sufficient to support the decision under the circumstances.

The decision, however, as entered in the superior court is technically incorrect. It should have conformed to the pleas in the case, namely, for both defendants under the general issue for costs; and for defendant White, under the special plea, for return and restoration of the automobile and $150 damages. However, such defect may be corrected by the superior court upon the entry of judgment. *Kebabian* v. *Adams Express Co.*, 28 R. I. 177.

The plaintiff's exception is overruled and the case is remitted to the superior court for entry of judgment upon the decision as corrected.

*Frank H. Wildes,* for plaintiff.

*Robinson & Robinson, Charles M. Robinson, Edmund Wexler,* for defendants.